# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

NING LIU A/K/A SUMMER LIU,

Plaintiffs,

vs.

COLOR STAR TECHNOLOGY CO., LTD,

Defendants.

Civil Action No.:

# COMPLAINT

Plaintiff, Ning Liu, a/k/a Summer Liu, by and through her attorneys, Hang & Associates, PLLC, hereby brings this complaint against Defendant and alleges as follows:

## INTRODUCTION

1.      This is an action for breach of employment agreement following Defendant's breach of Plaintiff's employment contract.

2.      Plaintiff is seeking compensatory damages for income otherwise due under the full term of the agreement.

3.      Plaintiff is seeking consequential damages and lost wages.

4.      Plaintiff is seeking an award of compensatory and punitive damages for retaliatory discharge, including lost compensation.

5.      Plaintiff is seeking an award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL.

6.      Plaintiff is seeking the cost and disbursements of this action.

7.      Plaintiff is seeking an award of prejudgment and post-judgment fees.

8.      "On March 20, 2020, New York Governor Andrew M. Cuomo signed Executive Order 202.8 in an effort to stem the spread of COVID-19, which tolls for thirty (30) days "any specific time limit[s] for the commencement, filing, or service of any legal action, notice, motion

1

or other process or proceeding" under any New York State laws or court procedural rules. The thirty (30)-day tolling period began on March 20, 2020, and continued until April 19, 2020. On April 7, 2020, Governor Cuomo signed Executive Order 202.14, which extended the tolling period to May 7, 2020. Subsequently, on May 7, 2020, Governor Cuomo issued Executive Order 202.28, tolling all statutes of limitations for an additional thirty (30) days through June 6, 2020. On June 6, 2020, Governor Cuomo issued Executive Order 202.38, tolling all statutes of limitations until July 6, 2020. On July 7, 2020, Governor Cuomo issued Executive Order 202.48 tolling all statutes of limitations until August 5, 2020. On August 5, 2020, Governor Cuomo issued Executive Order 202.55, which tolled all statutes of limitations until September 4, 2020. On September 4, 2020, Governor Cuomo signed Executive Order 202.60, which extended the tolling period an additional thirty (30) days to October 4, 2020. On October 4, 2020, Governor Cuomo issued Executive Order 202.67, which extended the tolling period to November 3, 2020. In total, the Executive Orders set forth herein provided for a toll of two hundred and twenty-eight (228) days.

## **JURISDICTION AND VENUE**

9.      The Court has *in personam* jurisdiction over Defendant based on forum selection clause in the offer and employment agreement dated July 20 (hereinafter referred to as "Employment Agreement") "Exhibit A".

10.     This Court has original jurisdiction over this controversy under 28 U.S.C. § 1332 (a)(1).  The district courts shall have original jurisdiction of all civil actions based on the amount of controversy exceeding $75,000, exclusive of interest and costs, and the controversy is between the Citizens of different States.

11.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

**PLAINTIFF**

12.     Plaintiff Ning Liu a/k/a Summer Liu (hereinafter "Plaintiff") is a resident of California state.   She was employed by Color Star Technology Co., Ltd as "Vice President" from July 20, 2020, to July 20, 2025.

**DEFENDANT**

13.     Defendant Color Star Technology Co., Ltd. (hereinafter, "Defendant") is a corporation organized and existing under the laws of the Cayman Islands., with its principal place of business at 800 3rd Ave., New York, New York, 10022.  Defendant is a party to an Employment Agreement with Plaintiff.

**STATEMENT OF FACT**

14.     On July 20, 2020, Plaintiff signed a written Employment Agreement.

15.     Before signing the Employment Agreement, Plaintiff worked in the Business Development Department at Capily Institution.

16.     According to the terms of the Employment Agreement, the initial term of the Employment Agreement shall be five years and subject to automatic one-year renewal.

17.     In reliance of the said term employment, Plaintiff quitted her prior job at Capily Institution.

18.     According to the terms of the Employment Agreement, Plaintiff would be paid for the base salary of $5,000 per month. The Defendants should grant Plaintiff thirty thousand shares

of Color Star Technology Co., Ltd currently listed on the Nasdaq Exchange upon signing of the Agreement.

19.    The Employment Agreement further states that Plaintiff will be entitled to any standard employee benefit plan of Defendant.

20.    Employment Agreement contains a one-month written notice requirement for termination of the employment relationship. It specifically states that "the notice of termination shall indicate the specific provision(s) of this Agreement relied upon in effecting the termination". Plaintiff did not receive one month's notice indicated in the specific provision of the Employment Agreement.

21.    Despite her outstanding work performance, Plaintiff was terminated on September 29, 2020.

22.    Plaintiff did not receive a written notice as set forth in the Employment Agreement.

23.    Plaintiff never received the promised 30,000 shares from Defendant.

24.    Defendant breached the Employment Agreement, and Defendant is liable for damages amounting to their agreed-upon salary and shares, namely the promised Six years' salary and promised shares.

***Retaliatory discharge***

25.    Plaintiff complained to Defendant for not receiving proper wages for work performed.

26.    On October 2, 2020, Defendant fired Plaintiff without responding to Plaintiff's requests.

## STATEMENT OF CLAIM

### COUNT I
### [Breach of Contract]

4

27.     Plaintiffs repeat and re-allege each and every allegation in all of the preceding paragraphs as if fully set forth herein.

28.     Plaintiff and Defendants entered into an Employment Agreement with Plaintiff's signing of the Employment Agreement on July 20, 2020.

29.     Plaintiff entered into the Agreement relying on the five years with a one-year automatic renewal term of the Agreement.

30.     Plaintiff at all times complied with the requirements of the Employment Agreement.

31.     At no time prior to terminating Plaintiff's employment did Defendant ever communicate to Plaintiff that she did not perform under the contract.

32.     Defendant's breach of the Employment Agreement has caused Plaintiff substantial damage.

33.     By reason of the foregoing, Plaintiff is entitled to an award of damages from Defendant in an amount to be determined by the trier of fact, but in no event less than an amount equal to her six years' salary minus the amount paid.

## COUNT II
### [Violation of New York Labor Law – Retaliation]

34.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

35.     NYLL § 215 makes it unlawful for any employer to "discriminate or retaliate against any employee . . . because such employee has made a complaint to his or her employer . . . that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates [the NYLL]." N.Y. Lab. L. § 215(1)(a).

36.     Defendant willfully and unlawfully retaliated against Plaintiff for her exercise of protected activities, namely, making complaints to Defendant regarding its unlawful labor practices and policies.

37.     In retaliating against Plaintiff, Defendant knowingly acted in deliberate disregard of Plaintiff's rights in violation of Section 215 of the New York Labor Law.

38.     As a direct and proximate consequence of Defendant's intentional, unlawful and retaliatory practices, Plaintiff has suffered, and continues to suffer, monetary damages including but not limited to, a loss of income, including past salary and future salary in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgment in their favor and against Defendant for the following relief:

Judgment in her favor and against Defendant for:

A Judgment in her favor and against Defendant for compensatory damages equal to her due, an amount equal to her six years' salary minus the amount paid, costs, pre-judgment interest, attorney's fees and other amounts as the Court shall deem just and proper.


Dated: Flushing, New York
           February 1, 2022


                                        **HANG & ASSOCIATES, PLLC**

                                        By: _/s/ Shan Zhu_____
                                        Shan Zhu, Esq.
                                        Hang & Associates, PLLC
                                        136-20 38th Avenue, Suite 10G
                                        Flushing, New York 11354
                                        Telephone: (718) 353-8588